# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOQUWON GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-926-NJR |
| | ) | |
| | ) | |
| PAMELA S. SCOTT, CHRISTOPHER THOMPSON, CARLA MCBRIDE, MARCUS MYERS, S. MERCIER, J. REID, DEBBIE KNAUER, and JOHN DOES, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Joquwon Garcia, who at the time he filed his Complaint was an inmate of the Illinois Department of Corrections ("IDOC") at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Garcia alleges he was retaliated against in violation of the First Amendment. He also alleges a claim for intentional infliction of emotional distress under state law. He seeks declaratory judgment and monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Garcia makes the following allegations in the Complaint (Doc. 1): On October 16, 2019, while at Murphysboro Correctional Center, Garcia received a disciplinary report from Pamela S. Scott for sexual misconduct (*Id*. at pp. 9 and 13). Although he admits he had his hands down his pants, he was scratching because of a rash and not pleasuring himself. At the adjustment committee hearing, he explained to McBride and Myers that he had an untreated itching problem, but he was found guilty of sexual misconduct (*Id*. at p. 9). He later received treatment for the rash. He wrote a grievance to clear his name, but it was rejected.

After the finding of guilt, Garcia was identified as a sexual pervert by officers and inmates (Doc. 1, p. 9). He was transferred to Pinckneyville Correctional Center on the same day he received the ticket where he was harassed by John Doe guards in segregation. He was given a filthy, worn mattress and denied adequate clothing, bedding, and hygiene items until he left segregation. They also heckled him and told others he was a sexual pervert. He believes that the segregation officers took these actions in retaliation for filing the grievance to try to clear his name (*Id*. at p. 10). He went the winter without adequate clothing and bedding. He wrote a grievance about the lack of items, but Mercier denied the grievance in violation of the grievance procedures. Specifically, he held the grievance in excess of 90 days before submitting his decision to the warden (*Id*.).

Garcia alleges that because he has been labeled a sexual pervert by the guards, he suffered emotionally and physically (Doc. 1, p. 11). He lost weight, cried for hours, questioned his sexuality, and contemplated suicide (*Id*.).

## Discussion

Simply put, Garcia's Complaint fails to state a claim. Garcia seeks to allege two counts:

**Count 1:** **Intentional infliction of emotional distress claim against Defendants for labeling him a sexual pervert.**

**Count 2:** First Amendment retaliation claim against Defendants for refusing to provide him with basic necessities including clothes, bedding, and hygiene items in retaliation for filing a grievance.

Although Garcia identifies Scott, McBride, and Myers as defendants, he fails to allege that they retaliated against him or subjected him to intentional infliction of emotional distress. Garcia alleges that Scott wrote the sexual misconduct ticket and McBride and Myers found him guilty on the ticket, but he fails to allege that it was those officers who labeled him a sexual pervert and caused him emotional distress. Further, there is no indication that they retaliated against him because his Complaint alleges retaliation only by the unknown segregation officers.

He also fails to state a claim against Christopher Thompson, J. Reid, and Debbie Knauer. He lists them as defendants in the caption of his Complaint but fails to allege that they participated in any way in the violation of his constitutional rights in his statement of claim. He identifies Thompson as the warden of Pinckneyville, J. Reid as his counselor, and Knauer as an administrative review board member. Although he alleges that his grievance was rejected by grievance officials (Doc. 1, p. 9), the simple denial of a grievance does not amount to a constitutional violation. He also alleges that Mercier failed to follow proper procedures in denying his grievance, but those allegations also fail to state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

Garcia does allege that John Doe segregation officers retaliated against him and subjected him to intentional infliction of emotional distress by heckling him and referring to him as a sexual

pervert. But Garcia names a group of individuals which is improper.[1] He notes that there are "several" segregation officers that participated in the retaliation and caused him emotional distress, but he does not know their names (*Id*. at pp. 4 and 11). He fails, however, to even indicate the number of officers that were involved in the improper conduct. To state a Section 1983 claim against an individual or entity, Garcia must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Thus, the unknown officers are also **DISMISSED without prejudice**.

Accordingly, the Court **DISMISSES** Garcia's Complaint (Doc. 1). Should Garcia want to pursue his claims, he will need to file an Amended Complaint. A successful Complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Should he file an Amended Complaint, Garcia should include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. If he does not know the name of a specific defendant, he should refer to them by a John Doe designation (i.e., John Doe #1 segregation officer, etc.).

## Disposition

For the reasons stated above, Garcia's Complaint is **DISMISSED without prejudice**. Garcia is **GRANTED** leave to file a "First Amended Complaint" on or before **January 14, 2021**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See*

---

[1] Group defendants create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr.*, No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued; each defendant must be an individual or legal entity that may accept service of a complaint) (citing Fed. R. Civ. P. 4(e)-(j)).

*generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Garcia must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Garcia is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Garcia is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/14/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**