IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOQUWON GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-926-NJR |
| | ) | |
| | ) | |
| PAMELA S. SCOTT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Joquwon Garcia filed this action pursuant to 42 U.S.C. § 1983 seeking relief for deprivations of his constitutional rights. The Complaint did not survive screening because Garcia failed to state a claim (Doc. 10). On December 14, 2020, the Court dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915A(b) (*Id.*). Garcia was originally given until January 14, 2021, to file an Amended Complaint. That deadline was later extended to March 5, 2021 (Doc. 12). The deadline has long since passed. Garcia has neither filed an Amended Complaint nor requested another extension of time. This action is thus subject to dismissal for failure to prosecute and for failure to comply with a court order.

 **IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for failure to prosecute. Fed. R. Civ. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

Because the original Complaint failed to state a claim upon which relief may be granted and Garcia failed to correct its deficiencies, the Court counts this dismissal as one of Garcia's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Garcia wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Garcia plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Garcia does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Garcia may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  4/19/2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

2